**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| ENERGY TRANSFER LP (formerly known as Energy Transfer Equity, L.P.) and ENERGY TRANSFER OPERATING, L.P. (formerly known as Energy Transfer Partners, L.P.),<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPEACE INTERNATIONAL (also known as "Stichting Greenpeace Council"); GREENPEACE, INC.; GREENPEACE FUND, INC.; RED WARRIOR SOCIETY (also known as "Red Warrior Camp"); CODY HALL; KRYSTAL TWO BULLS; and CHARLES BROWN,<br><br>Defendants. | Case No. 1:19-cv-00049-DLH-ARS<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND** |

Energy Transfer L.P. and Energy Transfer Operating, L.P. (together, "Energy Transfer" or "Plaintiffs") respectfully submit this memorandum of law in support of their motion for remand of this action to the State of North Dakota, District Court of the South Central Judicial District, in and for the County of Morton ("Morton County District Court").

**PRELIMINARY STATEMENT**

Complete diversity does not exist between plaintiffs and defendants in this action. Accordingly, this court lacks subject matter jurisdiction over this dispute and remand to state court is required. On March 18, 2019, Defendants Greenpeace International, Greenpeace, Inc., and Greenpeace Fund, Inc. filed a notice of removal of this action from the Morton County District Court on the purported ground, *inter alia,* that complete diversity exists between Plaintiffs and Defendants. But there is no such diversity. As set forth herein, and as attested to

by Energy Transfer's Senior Manager -- Corporate Governance Peggy Harrison, Plaintiff Energy Transfer L.P. is a master limited partnership with unit holders present as citizens in every state. These include California, the District of Columbia, Montana, South Dakota, and Virginia, which are the states of citizenship of Defendants Greenpeace, Inc., Greenpeace Fund, Inc., Krystal Two Bulls, Cody Hall, and Charles Brown, respectively. In the absence of complete diversity between Plaintiffs and Defendants, this action must be remanded to the Morton County District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs commenced this action on February 21, 2019 in Morton County District Court, naming as defendants Greenpeace International ("GPI"), Greenpeace, Inc. ("GP-Inc."), Greenpeace Fund, Inc. ("GP-Fund"), Charles Brown (together, the "Greenpeace Defendants"), Cody Hall, Krystal Two Bulls, and Red Warrior Society (aka "Red Warrior Camp"). (ECF No. 1-2.) The complaint alleges North Dakota state law claims including defamation, tortious interference, trespass, conversion, and civil conspiracy arising from defendants' unlawful and violent scheme to harm Energy Transfer and disrupt and prevent construction of the Dakota Access Pipeline ("DAPL"). (*Id.*) On March 18, 2019, the Greenpeace Defendants filed a notice of removal to the U.S. District Court for the District of North Dakota asserting diversity jurisdiction and fraudulent joinder of Red Warrior Society, an organization they claim is not subject to suit. (ECF No. 1.)

Plaintiffs Energy Transfer LP and Energy Transfer Operating, L.P. are each master limited partnerships organized under the laws of Delaware and headquartered in Dallas, Texas. (ECF No. 1-2 ¶¶ 11-12.) Energy Transfer LP currently has, and had as of February 21, 2019, limited partners/unitholders in California, Montana, South Dakota, Virginia, and Washington, D.C. (Affidavit of Peggy J. Harrison, dated April 12, 2019, ¶ 3.)

Defendant GPI is a not-for-profit organization based in Amsterdam, the Netherlands. (*Id.* ECF No. 1-2 ¶ 15.)  Defendants GP-Inc. and GP-Fund are each non-profit corporations organized under the laws of California and headquartered in Washington, D.C.  (*Id.* ¶¶ 16-17.) Defendant Charles Brown, a pipeline organizer for Greenpeace USA, resides in Virginia. (*Id.* ¶ 19.)  Defendant Cody Hall is a resident of South Dakota, and Defendant Krystal Two Bulls is a resident of Montana.  (*Id.* ¶¶ 20-21.)

## ARGUMENT

### I.  LACK OF COMPLETE DIVERSITY AMONG THE PARTIES PRECLUDES FEDERAL JURISDICTION.

Federal jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants.  *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010).  Complete diversity of citizenship exists "where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *Id.*  It is well-established that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990) ("diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members'"); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991) (same).  A master limited partnership "take[s] on the citizenships of [its] unitholders."  *Ness v. Samson Resources*, 2019 WL 653799, at *11 (D.N.D. Feb. 15, 2019); *Chace v. Magellan Ammonia Pipeline, L.P.*, 2019 WL 78996, at *7 (D. Neb. Jan. 2, 2019) (same).

Because complete diversity does not exist between plaintiffs and defendants in this action, this court lacks jurisdiction and remand to the North Dakota state court is required. As of February 21, 2019, Energy Transfer LP had limited partners/unitholders in California,

Montana, South Dakota, Virginia, and Washington, D.C.  (Harrison Aff., ¶ 3.)[1]  Defendants GP-Inc., GP-Fund, Inc., Ms. Two Bulls, Mr. Hall, and Mr. Brown are citizens of these same states.  (ECF No. 1 ¶¶ 11-15.)  The lack of complete diversity between plaintiffs and defendants precludes subject matter jurisdiction and requires remand to the Morton County District Court.  *Affordable Communities of MO*, at *3 (remanding action to state court where defendants failed to establish complete diversity); *see also Buckley*, 923 F.2d at 97 (dismissing action for lack of federal jurisdiction).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court issue an order remanding this action to the Morton County District Court for lack of subject matter jurisdiction.

DATED this 15th day of April, 2019.

**FREDRIKSON & BYRON, P.A.**

By:  */s/ Lawrence Bender*
Lawrence Bender, ND Bar #03908
1133 College Drive, Suite 1000
Bismarck, ND  58501-1215
Telephone:  701.221.8700
lbender@fredlaw.com

*Attorneys for Plaintiffs*

66499425.3

---

[1]  The party invoking federal jurisdiction bears the burden of proof that all prerequisites are satisfied.  *Affordable Communities of MO v. EF&A Capital Corp.*, 2008 WL 4966731, at *1 (E.D. Mo. Nov. 19, 2008).  "Removal statutes are strictly construed, and any doubts about the propriety of removal and the existence of federal jurisdiction are to be resolved in favor of remand."  *Id.*  The Greenpeace Defendants fail to meet their burden of alleging the citizenship of each of Energy Transfer LP and Energy Transfer Operating, L.P.'s partners.  (*See* ECF No. 1.)  This failure alone is sufficient to require remand.  *Affordable Communities of MO*, 2008 WL 4966731, at *3 (remanding where defendants failed to meet their burden to establish complete diversity).